UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRISE CARLTON JOHNSON,

    Petitioner,  Civil Action No.
 07-CV-14523
vs.
 HON. BERNARD A. FRIEDMAN
CAROL R. HOWES,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE

Petitioner, Terrise Carlton Johnson, a state inmate currently incarcerated at Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for larceny from a person, Mich. Comp. Laws § 750.357; and he was sentenced as a second habitual offender, Mich. Comp. Laws § 769.10, to seven to fifteen years. The sole ground for relief is Petitioner's claim that the trial court erred in its upward departure from Michigan's sentencing guidelines. Also pending before the Court is Petitioner's "Motion to Hold Habeas Petition in Abeyance." Petitioner wishes to exhaust state remedies for new claims regarding his sentence and appellate counsel's alleged failure to "federalize" Petitioner's appeal.

The Court finds no merit in Petitioner's initial sentencing claim or his proposed new claims regarding his sentence and appellate counsel's actions. Consequently, the Court will deny both Petitioner's habeas petition and his abeyance motion.

# I. BACKGROUND

This case arises from the theft of both petty cash from a Dollar General Store and of the store manager's purse. Specifically, it is alleged that Petitioner: (1) entered the Dollar General Store; (2) took several items without intending to pay for them; (3) went into the back office where the petty cash was kept and took $424.00; (4) assaulted a store clerk and hit the store manger in the face with a telephone while she was attempting to call 911; (5) took the store manager's purse; and (6) threw a shopping cart into the store window, shattering it during his getaway. (PE, Tr. 4-5, 7, 13-16). Ultimately, Petitioner escaped with $424.00 and the store manager's purse. *Id.* at 16.

Petitioner was bound over on two counts of unarmed robbery on February 2, 2006. *Id.* at 31-32. On April 21, 2006, Petitioner pled guilty to larceny from a person in return for the dismissal of the two unarmed robbery charges. (Plea Tr., 5-6). He also agreed to be sentenced as a second habitual offender in exchange for the prosecutor's agreement to not proceed against Petitioner as a fourth felony offender.[1] *Id.* at 6. The trial court imposed a seven to fifteen year sentence to be served consecutively with his parole violation term.[2]

Petitioner subsequently filed a motion for re-sentencing with the trial court which was denied. He then filed a delayed application for leave to appeal raising the following claim:

> Whether the trial court erred in departing upward from Michigan's statutory guidelines in sentencing defendant-appellant, and thereafter, denying defendant-appellant's motion for re-sentencing?

The Michigan Court of Appeals denied Petitioner's delayed application for leave to

---

[1] Petitioner had ten low severity felonies previously on his record.

[2] Petitioner was paroled from another criminal matter on March 16, 2005, and was still on parole when the offense in this case was committed. The record also states that he was on absconder status from Detroit for the parole he had been placed on in March 2005.

2

appeal. *People v. Johnson,* No: 278226 (Mich. Ct. App. July 2, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court and raised the same issue that was presented before the Michigan Court of Appeals. *People v. Johnson,* 480 Mich. 893; 738 N.W.2d 752 (2007) (Table). Petitioner's application for leave to appeal was denied. *Id.* Petitioner now seeks a writ of habeas corpus challenging his conviction on the same ground asserted in the Michigan appellate courts. Petitioner also seeks to hold this matter in abeyance pending the exhaustion of the following claims in state court:

> 1. Trial judge abused his discretion and sentenced the defendant outside the guidelines and outside the normal limits, using information that was not verified, plead to or found guilty of, denying the defendant/petitioner his constitutional right to have the jury determine beyond a reasonable doubt all factors legally essential to his sentence run contrary to MCL 769.34(3)(2) and render the current statute unconstitutional under the U.S. Supreme decision *Blakely v. Washington,* 542 U.S. ___ (2004).
>
> 2. The trial attorney was so ineffective that he did not even know that the judge was sentencing the defendant to an amount of time above the normal limits for larceny from a person and 2nd habitual. Instead of objecting he agreed with the judge. Also, permitting the plea to become illusionary in that the defendant got as much or more time for the plea to larceny from a person and 2nd habitual th[a]n if he would have been tried for the original crime of unarmed robbery, 750.530, Class C, 15 years.
>
> 3. The trial judge totally ignored the law as it was set down by the state legislature when sentencing the defendant. The judge enhanced the sentencing variables (OV's) using a preponderance of the . . . evidence standard. And when it still was not enough, the judge tossed the legislative set guidelines out completely, requiring defendant's sentence be vacated as explained in the U.S. Supreme Court decision *Blakely v. Washington,* 542 U.S. _____ (2004).
>
> 4. The appeal attorney used no federal case law to federalize the appeal. Also not using any of the above issues, that had they been shown would have made a big difference in the Michigan courts.

(Abey. Mot. at p. 1.)

Respondent has filed an answer to the habeas petition asserting the Petitioner's

3

sentencing claim is not cognizable for habeas review. The state has not responded to Petitioner's abeyance motion.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

> As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *See Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("[i]n

4

a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court explained the proper application of the "contrary to" clause:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v.*

5

*Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III. DISCUSSION

### A. Sentencing Claim

Petitioner claims that the trial court improperly deviated upward from the Michigan statutory guidelines when it sentenced Petitioner. He further argues that the upward departure was done without substantial and compelling reasons, and without a finding that Petitioner's case was an exceptional matter which would warrant the imposition of an upward sentencing departure.

### 1. State Law Claim

Questions of state sentencing law, and the scoring of state sentencing guidelines in particular, are not cognizable on federal habeas corpus review. *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Long v. Stovall,* 450 F.Supp.2d 746, 754 (E.D. Mich. 2006). As succinctly explained by the Sixth Circuit, "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting status is a matter . . . of state concern only." *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003), citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988). "[F]ederal habeas corpus relief does not lie for errors of state law . . . " *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Therefore, habeas relief is not warranted in this case.

### 2. Due Process Claim

To the extent Petitioner seeks to "federalize" his sentencing claim, as proposed in his abeyance motion *infra*, by fashioning a due process argument within the realm of his sentencing

claim, a sentence violates due process if it is based on "misinformation of constitutional magnitude," *Roberts v. United States,* 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke,* 334 U.S. 736, 741 (1948). Petitioner claims that the sentencing guidelines were five to twenty-eight months and that the trial court exceeded those guidelines by imposing a sentence of seven to fifteen years.

Petitioner was bound over to the circuit court on two counts of unarmed robbery, but pled to one count of larceny from a person. At sentencing the trial court stated as follows:

> Okay. Guidelines are 5 to 28 months, the Court's deviating over the guidelines as the guidelines only give you 30 points for PRV-2, which is four or more low felonies while this is your eleventh felony and twice the four or more in this category. The guidelines also do not adequately account for the assaulting nature of your conduct upon the two female victims, one of whom you actually struck in the face with the telephone.
>
> The guidelines do not consider that you apparently cannot or will not rehabilitate having paroled on March 16, 2005, this felony taking place on December 20th, 2005 while you were already on absconder status from Detroit for the parole that you had been placed on in March, 2005.
>
> The sentence of the court, all that taken into consideration, is as follows: the Court understands that the maximum is discretionary with the Court as you're convicted as a second felony offender, so I'm setting the maximum at 15 years, the minimum, which the Court now thinks is appropriate, is that of 7 years. So, the sentence is 7 to 15 years with the Michigan Department of corrections. That sentence must be served consecutively to whatever the term was that you were on parole for on the date of the commission of this offense on December 20th, 2005.

(Sent. Tr., pp. 10-11).

The Court concludes that Petitioner was not sentenced on the basis of "extensively and materially false" information, nor was his sentence based on "misinformation of constitutional magnitude," which he had no opportunity to correct. Therefore, Petitioner's constitutional right to

due process was not violated by the trial court's scoring of the state sentencing guidelines, and habeas relief is denied.

### 3. *Blakely v. Washington* Claim

As also proposed in his abeyance motion *infra,* and in further support of vacating his sentence, Petitioner relies upon *Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). The Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 863-64, 166 L.Ed.2d 856 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id.* at 860.

The problem with Petitioner's reliance on *Blakely* is that *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W.2d 778 (2006); cert. den. sub nom *Drohan v. Michigan,* __ U.S. __, 127 S.Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n.14; 684

N.W.2d 278 (2004) (both citing, MCL Mich. Comp. Laws §769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely,* create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See *People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W.2d 231 (2003), citing Mich. Comp. Laws §769.34(2). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730., n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Courts holding in *Blakely. Drohan*, 475 Mich. at 164.

The decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury, of which there was none in this case since Petitioner pled guilty. *See Blakely,* 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate his Sixth Amendment rights.

The maximum penalty for larceny from a person in Michigan is ten years. Mich. Comp. Laws § 750.357. Since Petitioner was convicted as a second habitual offender the maximum term of imprisonment is "1 ½ times the longest term prescribed for a first conviction of that offense . . . " which would be fifteen years. Mich. Comp. Laws § 769.10(1)(a). Because Petitioner's maximum sentence is fifteen years, his sentence is within the statutory maximum for his offense and he is not entitled to habeas relief on his *Blakely* claim. *See Stephenson v. Renico,* 280 F.Supp.2d 661, 669 (E.D. Mich. 2003).

## B. Petitioner's "Motion to Hold Habeas Petition in Abeyance"

Petitioner has filed an abeyance motion for the purpose of exhausting the above referenced state remedies. The doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). If the Court were to permit Petitioner to amend his habeas petition to include the new above stated habeas claims, the petition would be a "mixed" petition of exhausted and unexhausted claims. Courts ordinarily must dismiss habeas petitions containing both exhausted and unexhausted claims, *Rose v. Lundy,* 455 U.S. 509, 522 (1982), but a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Faced with a similar dilemma, some courts have stayed habeas petitions while inmates return to state court to exhaust remedies for their new claims. *Rhines v. Weber,* 544 U.S. 269, 275 (2005). After the inmates exhaust state remedies for their new claims, the courts lift the stay and allow the inmates to proceed in federal court. *Id.* at 275-76.

District courts possess authority to issue stays. *Id.* at 276. Stay and abeyance, however, are appropriate only if: (1) there was good cause for the petitioner's failure to exhaust state remedies; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

Petitioner has not shown that he has been dilatory or engaged in abusive litigation tactics; and he claims "good cause" because of his alleged repeated requests of appellate counsel to raise the above stated issues and his failure to do so. However, despite the fact that Petitioner has set forth four claims he wishes to exhaust in state court, the crux of each of those

10

claims is based solely upon the issue of his sentencing. As previously stated, the issue of Petitioner's sentence in this case is a matter of state law and uncognizable on habeas review. To the extent that Petitioner attempts to "federalize" the claim as a due process or *Blakely* argument, the Court finds, as explained above, that his sentencing claim is "plainly meritless." Therefore, Petitioner's assertions in his abeyance motion that trial counsel was ineffective for agreeing with the imposition of the sentence, and appellate counsel should have "federalized" the sentencing claim, are likewise without merit.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*. Under these facts, Petitioner cannot satisfy the *Strickland* standard.

As for Petitioner's argument that his appellate counsel failed to "federalize" his sentencing claim, appellate attorneys may deliver a deficient performance and prejudice a defendant by omitting a "dead bang winner," which is defined as "an issue which was obvious from the trial record and would have resulted in a reversal on appeal." *See Meade v. Lavigne,* 265 F.Supp.2d 849, 870 (E.D. Mich. 2003). (internal quotations omitted). To show prejudice in the context of an

11

appellate counsel claim, Petitioner must show that his claim would have succeeded on appeal. *See Smith v. Robbins,* 528 U.S. 259, 285-86 (2000). It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. *See Jones v. Barnes,* 463 U.S. 745, 754 (1983). In this case, Petitioner cannot demonstrate that "federalizing" his sentencing claim would have resulted in success on appeal.

Because Petitioner's sentencing claim is not cognizable here, nor does it have merit, there is no point in allowing Petitioner to return to state court to further exhaust state remedies.

## IV.  CONCLUSION

IT IS ORDERED that Petitioner's application for writ of habeas corpus [docket entry 1] is denied.

IT IS FURTHER ORDERED that Petitioner's "Motion to Hold Habeas Petition in Abeyance" [docket entry 8] is denied.

    _s/Bernard A. Friedman____
    BERNARD A. FRIEDMAN
    CHIEF UNITED STATES DISTRICT COURT


Dated:___December 2, 2008


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman